UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE MARIO SMITH,

        Plaintiff,

    v.

TYLER L. BARSHOW,

        Defendant.

Case No.  2:25-cv-3478-DAD-JDP (PS)

FINDINGS AND RECOMMENDATIONS

Andre Mario Smith ("plaintiff") brings this action, construed as a removal from state court, against Tyler L. Barshow, and appears to allege that the latter filed some form of action against him in state court.[1]  ECF No. 1 at 4-5.  Plaintiff construes this action as a removal of that state court action to federal court, *id.*, but proper removal was never effected; plaintiff simply opened a new case in this district.  Accordingly, I construe the "removal" as a complaint and, in doing so, find that it both fails to establish a basis for the court's jurisdiction and also fails to state a cognizable claim.  I recommend that this action be dismissed.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

---

[1]The docket currently lists Barshow as the plaintiff in this action.  A review of the pleading reveals, however, that this action was opened by Smith.  *See* ECF No. 1 at 7.

1

dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint is deficient in two ways. First, it fails to establish any basis for federal jurisdiction. Plaintiff appears to advance two arguments for jurisdiction, neither of which is persuasive. He begins by arguing that the state superior court, which he labels a "vexatious litigant," is unable to "legally commit" him under Foreign Sovereign Immunities Act. ECF No. 1 at 4-5. This is nonsensical. Plaintiff's second argument for jurisdiction rests on diversity, and he claims that the "vexatious litigants," a term that presumably includes defendant Barshow (and perhaps the state court itself), are residents of California. *Id.* at 6. As for himself, he claims to

2

reside in Taiwan, *id.*, though the address listed on the caption of the complaint is in Lemon Grove, California. *Id.* at 1. Plaintiff asserts that the amount in controversy is satisfied because a lien of "$999,999, 999,999,999,999.99" is at stake and that he has "remitted" general service bonds worth "$999,999,999.99." *Id.* These assertions make little sense and do not suffice to establish diversity jurisdiction.

Second, even if plaintiff could assert federal jurisdiction, he has failed to plead any cognizable claim. In his "case statement," he alleges that defendant Barshow filed a "bad-faith" complaint against him in state court. *Id.* at 5. Plaintiff alleges that he has not been properly served and that defendants are without standing to bring their claims. *Id.* These matters may be litigated in the state court where the complaint was brought; they do not implicate any federal claim.

Based on the foregoing, I find that this action is frivolous and cannot be saved by amendment. I will recommend that it be dismissed without leave to amend.

Accordingly, it is ORDERED that plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

Further, it is RECOMMENDED that complaint, ECF No. 1, be DISMISSED without leave to amend for want of jurisdiction and for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    March 4, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE